UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
AUG 1 6 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-338-KSF

ROGER LEE HOLSEY, JR.           PETITIONER

VS.           OPINION AND ORDER

KENTUCKY PAROLE BOARD           RESPONDENT

\* \* \* \* \* \* \* \*

On August 9, 2005, defendant Roger Lee Holsey, Jr., filed his *pro se* motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE # 1]. Consistent with local practice, this matter as referred to the Hon. James B. Todd, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

The Magistrate Judge filed his proposed findings of fact and recommendation on June 27, 2006 [DE # 10]. First, the Magistrate Judge concluded that the Kentucky Court of Appeals correctly determined there was no constructive amendment to the indictment and no due process violation when the trial court gave an aiding and abetting instruction at Petitioner's trial. The Magistrate Judge further concluded that petitioner failed to show his counsel was ineffective for not objecting to the lawful jury instruction.

Second, the Magistrate Judge concluded that petitioner failed to meet his burden in his challenge of the Kentucky Court of Appeals' analysis of his claim of selective prosecution based on race. Third, he concluded that the Kentucky Supreme Court correctly analyzed petitioner's claim of entitlement to a directed verdict. Finally, the Magistrate Judge concluded petitioner was not entitled to relief based on his claim that a judge must follow the jury's recommendation on sentencing.

Petitioner filed Objections to the Proposed Findings of Fact and Recommendation on July 10, 2006 [DE #11]. He first reiterates most of his original argument that a jury instruction on aiding and abetting was a constructive amendment of the indictment and did not give him due process notice of the charges against him because aiding and abetting was not included in the indictment. *Id.*, pp. 5-11. He also reiterates his claim that his counsel was ineffective for not objecting to the instruction. *Id.*, p. 11. For his second objection, Petitioner repeats his allegations that he was singled out for selective prosecution. *Id.*, pp.11-13. For his third objection, Petitioner reargues he should have been granted a directed verdict because the Commonwealth failed to prove his intent. *Id.*, pp. 13-14. Finally, Petitioner objects to the fact that the trial judge ordered his two ten-year sentences to run consecutively when the jury recommended concurrent sentences. *Id.*, pp. 15-17.

This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). In considering the claims, this Court is aware that the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

The claims raised in the habeas petition were previously raised and fully analyzed either on direct appeal to the Supreme Court of Kentucky or in an RCr 11.42 proceeding in state court and on appeal from that proceeding to the Kentucky Court of Appeals. It is this Court's Opinion that the Magistrate Judge was correct in his assessment that the Court of Appeals properly

2

rejected Petitioner's claim of a constructive amendment of the indictment. Kentucky law has long held that one may be jointly charged in an indictment with other co-defendants as principal but ultimately convicted as an "aider and abettor" at trial. *Neal v. Commonwealth*, 302 S.W.2d 573 (Ky. 1957). The Court of Appeals also found, based on evidence provided to petitioner prior to trial, that "Holsey was not surprised by an alleged variance between the indictment and the evidence at trial." Roger Lee Holsey, Jr. V. Commonwealth, No. 2003-CA-000018-MR (unpublished) p. 17. Thus, his claim of a denial of due process for lack of notice of the charges against him is without merit. This Court further agrees with the Magistrate Judge that petitioner has failed to show that counsel was ineffective for failing to object to the jury instruction on aiding and abetting.

Regarding Petitioner's claim of selective prosecution, the Kentucky Court of Appeals fully analyzed the relevant facts under applicable federal law and correctly held that petitioner failed to show by clear and convincing evidence that the prosecutorial decision had both a discriminatory effect and was motivated by a discriminatory purpose. This Court agrees with the Magistrate Judge's conclusion regarding this claim.

Petitioner's claim that there was insufficient evidence to support his conviction was carefully analyzed by the Supreme Court of Kentucky on direct appeal, and it rejected the claim after making specific findings regarding the evidence at trial. This Court agrees with the Magistrate Judge that these findings of fact are presumed correct and that Petitioner has failed to provide any evidence to rebut that presumption.

Petitioner's final argument regarding a denial of a right to jury sentencing is, likewise, without merit. This Court agrees with the Magistrate Judge that the claim is purely one of state law and is not cognizable in a federal habeas corpus proceeding. Secondly, the state statute on which Petitioner relies, KRS 532.055(2), expressly states that "[t]he jury shall recommend whether the sentences shall be served concurrently or consecutively." Petitioner has failed to demonstrate

even a violation of state law. Finally, the Court of Appeals found that the claim was not preserved on direct appeal. For each of these reasons, this Court agrees with the Magistrate Judge's recommendation on this claim.

The Court, having examined the record and having made a *de novo* determination of the findings to which objection was made, is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.

In determining whether a certificate of appealability should issue as to the Petitioner's claim, the court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000) for guidance. In that case, the court held:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that the petitioner has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) The Magistrate Judge's proposed findings of fact and recommendation [DE #11] is ADOPTED as and for the Opinion of the Court;

(2) The Respondent's motion to dismiss [DE #7] is GRANTED;

(3) The Petitioner's objections [DE #11] are OVERRULED;

(4) Petitioner's petition for a writ of habeas corpus [DE #1] is DISMISSED WITH PREJUDICE;

(5) A certificate of appealability SHALL NOT issue;

(6) Pursuant to 28 U.S.C. § 1915, petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith; and

4

(7)   Judgment will be entered contemporaneously with this order.

This ___16th___ day of August, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE